972 F.2d 339
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George W. GANTT, Plaintiff-Appellant,
v.
Bernard SMITH, Acting Warden, Maryland Penitentiary and
M.C.A.C.; Richard A. Lanham; Sewall Smith; Major Purnell;
Major Councel; Lieutenant Diay; Sergeant Brown; Sergeant
Gardner; Corporal Senson; Hicks; Lee; Peay; Vivian
Willis, Defendants-Appellee.
 No. 92-6352.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 30, 1992
Decided: August 3, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-91-1570, CA-91-2599)
 George W. Gantt, Appellant Pro Se.
 John Joseph Curran, Jr., Attorney General, Glenn William Bell, Maryland, Baltimore, Maryland, for Appellees.
 D.M.d.
 Affirmed.
 Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 George W. Gantt appeals from the district court's order dismissing his civil rights complaints under the doctrine of res judicata. Our review of the record and the district court's opinion discloses that this appeal is without merit.[1] Accordingly, we affirm on the reasoning of the district court.[2] Gantt v. Smith, Nos. CA-91-1570, CA-91-2599 (D. Md. Mar. 20, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 We deny Gantt's motions for appointment of counsel, to consolidate this case with another pending case in the Court of Appeals, for a continuance of these proceedings, and for a Temporary Restraining Order
 
 
 [2]
 Although Gantt's claims that prison officials read his legal documents, failed to provide adequate medical care, and misappropriated his prison account funds raise new claims, we find that they fail to state constitutional violations. See Hudson v. Palmer, 468 U.S. 517, 533-34 (1984); White v. White, 886 F.2d 721 (4th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986)